IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 05-1810 |
| | : | (01-CR-00780) |
| **JMEAL COLLINS.** | : | |

**MEMORANDUM**

**STENGEL, J.**                                                                                   February 6, 2008

      Jmeal Collins is serving a 240 month sentence for a conviction under 18 U.S.C. § 922(g) as a felon in possession of a firearm. On April 20, 2005, Mr. Collins filed a § 2255 petition for writ of habeas corpus based on a claim that he was denied effective assistance of counsel. I denied Mr. Collins Amended Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 on December 19, 2007.

      On December 31, 2007, Mr. Collins filed an appeal to the United States Court of Appeals for the Third Circuit opposing the December 19, 2007 Opinion and Order. The Third Circuit issued an Order on January 16, 2008, remanding the matter to the District Court to make a ruling under Rule 22(b) of the Federal Rules of Appellate Procedure and 28 U.S.C. § 2253 as to whether a certificate of appealability should issue. I have determined that a certificate of appealability should not issue in this case, and, as required under Rule 22(b), state the reasons for this decision below.

      Rule 22(b) provides, in pertinent part, that the applicant cannot take an appeal unless a circuit justice or a circuit or district judge issues a certificate of appealability

under 28 U.S.C. § 2253(c).  If an applicant files a notice of appeal, the district judge who rendered the judgment must either issue a certificate of appealability or state why a certificate should not issue.  Under 28 U.S.C. § 2253(c), a certificate of appealability may issue only if "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); See Santana v. United States, 98 F.3d 752, 757 (3d Cir. 1996) (certificate of appealability will issue only upon a substantial showing of the denial of a constitutional right).

     Mr. Collins claimed that his trial and appellate counsel were ineffective because they did not argue that the seizure of the gun was unlawful under the case of United States v. Ubiles, 224 F. 3d 213 (3d Cir. 2002).  The Ubiles case was clearly distinguishable from Mr. Collins' criminal case.  The failure to challenge the seizure of the gun under Ubiles was not a mistake by Mr. Collins' trial counsel.  Rather, it was a reasonable choice to not pursue a frivolous argument.

     He also claimed that he was denied the opportunity to testify on his own behalf at trial and that counsel failed to argue that the gun was inoperable.  After the hearing I found that Mr. Collins' version of the his interactions with counsel was not credible.  On the other hand, Mr. Collins' trial counsel, Edson Bostic, Esquire, testified credibly about his discussion with Jmeal Collins regarding whether or not Mr. Collins would testify.  Mr. Collins has not made a substantial showing of the denial of a constitutional right.  I will therefore not issue a certificate of appealability.  An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 05-1810 |
| | : | (01-CR-00780) |
| **JMEAL COLLINS.** | : | |

**O R D E R**

**STENGEL, J.**

AND NOW, this 6th day of February, 2008, in accordance with the Third Circuit's Order of January 16, 2008, remanding this matter to the District Court for the sole purpose of either issuing a certificate of appealability or stating reasons why a certificate of appealability should not issue (Document # 91), it is hereby **ORDERED** that a certificate of appealability should not issue under 28 U.S.C. § 2253 for the reasons discussed in the accompanying memorandum.

BY THE COURT:

/s/ Lawrence F. Stengel
LAWRENCE F. STENGEL, J.